## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JARRE JERONCE RHODES, | § | |
| TDCJ #02073916, BOP #49690-177, | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:23-CV-351-M-BK |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Jarre Jeronce Rhodes'

correspondence, construed *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, was

referred to the United States magistrate judge for case management, including the issuance of

findings and a recommended disposition where appropriate.  As detailed below, the petition

should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

In 2015, Rhodes pled guilty in this Court to possession of a firearm by a felon and, in

2016, he was sentenced to 96 months' imprisonment to be served concurrently with any sentence

imposed in his state cases since those charges were related to his federal offense.  *United States*

*v. Rhodes*, No. 3:15-CR-214-M-1 (N.D. Tex. Apr. 28, 2016); Crim. Doc. 41.  Following his

sentencing, Rhodes was returned to state custody, where he was convicted by a jury and

sentenced to 15 years' imprisonment for robbery and five years each on charges of evading arrest

and possession of a firearm by a felon. *State v. Rhodes*, Case Nos. F-1551952, F-1551953, F-1551954 (291st Jud. Dist. Court, Dallas Cnty., Tex., June 17, 2016).[1]

Rhodes is currently incarcerated at the Powledge Unit in Palestine, Texas (Anderson County), which lies within the boundaries of the United States District court for the Eastern District of Texas, Tyler Division. *See* 28 U.S.C. § 124(c)(1). On January 20, 2023, he filed a letter asserting that his "federal detainer has been lifted" for unknown reasons. Doc. 3 at 1. He moves for the detainer to be "put back in the system to speed up [his] state release" and his ability to serve his federal sentence. Doc. 3 at 1. The Court liberally construed Rhodes' letter as a habeas corpus petition as far as it challenges the execution of his federal sentence. Doc. 6 at 2.

To entertain a habeas corpus petition under 28 U.S.C. § 2241, the Court must have jurisdiction over the prisoner or his custodian. *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (the district of incarceration is the only district that has jurisdiction to entertain a § 2241 petition). Because Rhodes is incarcerated in the Eastern District of Texas, this Court lacks jurisdiction to entertain his construed petition. *See Id.* at 374-75. Therefore, his petition should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. FED. R. CIV. P. 12(h)(3).[2]

**SO RECOMMENDED** February 17, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The state criminal docket sheets are available on the Dallas County website at https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last accessed Feb. 17, 2023).

[2] According to the Federal Bureau of Prisons and the U.S. Marshal, Rhodes completed his federal sentence and thus the federal detainer was lifted.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).